J. & J. Slevin *v.* Reynolds, Irwin, & Co. et al.

In Special Term—GHOLSON, J. presiding.

### J. & J. SLEVIN *vs.* REYNOLDS, IRWIN, & CO. et al.

One defendant cannot take advantage of a defence peculiar to his co-defendant.

Petition states that J. & J. Slevin as partners say, " That there is due them on a promissory note, (copy annexed,) from the said James Reynolds and William Irwin, late partners, as Reynolds, Irwin, & Co. as makers, and said Henry C. Borchelt and H. H. Newman, as endorsers, defendants, the sum of one hundred and thirty-two dollars and thirteen cents, with interest from May 12th, 1847. Said plaintiffs further say that said note was duly presented for payment to makers at maturity. That it was not paid, and notice of non-payment was duly given to said endorsers. Whereupon said plaintiffs pray for judgment in the sum of $134.13, and interest from May 12th, 1847, and costs."

The Sheriff returned the writ endorsed : " 1854, May 22nd, served William Irwin and H. H. Newman, by copies personally. Not found as to James Reynolds and Henry W. Borchelt." William Irwin, one of the defendants, demurred to the petition, because it "does not state facts sufficient to constitute a cause of action, and prays judgment that said petition be dismissed."

T. D. LINCOLN for plaintiffs; MILLS & HOADLEY for defendant, Irwin.

GHOLSON, J.

This is an action on a promissory note against makers and endorsers. It is in default as to one endorser, and there appears to be no service on the other endorser. One of the makers of the note demurs, on the ground that the petition does not state sufficient facts to

constitute a cause of action. The point relied on is, that the petition does not sufficiently charge the endorsers.

I shall overrule this demurrer, without deciding that point, on the principle, that one defendant cannot avail himself of a defence that is peculiar to his co-defendant.

The Code, section 35, allows persons, severally liable upon the same obligation or instrument, to be included in the same action : and under section 371, judgment may be given for or against one or more of them. By the same section (371) in an action against several defendants, the Court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper.

When one of several defendants demurs on the ground taken in this case, the enquiry should be, whether there is stated in the petition, facts sufficient to constitute a cause of action against that defendant. If there be, and the Court, upon the facts stated in the petition, might proceed to render a judgment against him, he cannot prevent it by urging that there are other defendants joined with him, as to whom facts sufficient are not stated.

In this case, the petition shows a good cause of action against the defendant who demurs, and his demurrer is therefore overruled.